Gregory B. Smith (USB 6657)
GREG SMITH AND ASSOCIATES
111 East 5600 South #105
Murray, UT 84107
Telephone 801-641-3397
Email:  gs@justiceinutahnow.com

*Attorney for Plaintiff*

## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| DILLON KIRSCH,<br>         Plaintiff,<br><br>*vs.*<br><br>CONSULTNET LLC AND SOLUTIONREACH.<br><br>         Defendants. | **PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY**<br><br>Civil Number<br><br>District Judge |

Plaintiff files this Complaint and complains against Defendants as follows:

### I. PARTIES

Plaintiff is an individual citizen, who resides in Utah.  Defendant, Consultnet LLC., is a Utah Corporation.  Entity Number: 2026237-0160 / Company Type: LLC – Domestic /Address: 10813 S RIVER FRONT PARKWAY STE 150 SOUTH JORDAN, UT 84095 / State of Origin: UT /Registered Agent: CORPORATION SERVICE COMPANY / Registered Agent Address: 15 WEST SOUTH TEMPLE, SUITE 600 / Salt Lake City, UT 84101. Defendant Solutionreach is Entity Number: 8075608-0143 / Company Type: Corporation -

Foreign – Profit / Address: 2600 N. ASHTON BLVD LEHI, UT 84043 / State of Origin: DE / Registered Agent: CT CORPORATION SYSTEM / Registered Agent Address: 15 W SOUTH TEMPLE STE 600 / Salt Lake City, UT 84101

## II. JURISDICTION AND VENUE

The Court has jurisdiction under the Fair Labor Standards Act of 1938, as amended 29 U.S.C. 201, et seq.  The Court also has supplemental jurisdiction pursuant to 28 U.S. Code § 1367. Supplemental jurisdiction is needed for "gap time," in other words, for wages that were earned above and beyond minimum wage, but perhaps not part of overtime hours.[1] Venue is proper in this Court (pursuant to 28 U.S.C. § 1391) because the activities either took place in Utah County, State of Utah, or that is where Defendant reside.

## III. STATEMENT OF FACTS

1. At all times while working for Defendants, Defendants grossed more than $500,000 per year, and had more than two full-time employees.

---

[1] Plaintiff is seeking damages under Utah law, too.  Specifically, under UCA 34-28-5, and also seeking what is owed under the FLSA, plus "gap time," and Utah state claims such as breach of contract and unjust enrichment/quantum meruit. In other words, for wages for fewer than forty hours per week at a rate greater than the minimum wage-which are not recoverable under the FLSA. Plaintiff's recovery of such "gap time" wages is premised on the notion that an employer may not be liable under the FLSA "as long as the overall earnings for the non-overtime workweek in which the gap time hours worked equal or exceeded the amount due at the FLSA minimum wage for all hours worked in that week, including gap time hours." Federal Courts have allowed such claims for unjust enrichment or quantum meruit to proceed when the claim seeks something more than what the FLSA can provide—such as regular wages not paid at the contracted rate or "gap time" wages. *See* Tommey v. Computer Scis. Corp., No. 11-CV-02214-EFM-GLR, 2013 WL 1000659, at *2 (D. Kan. Mar. 13, 2013); *Sanchez v. Haltz Construction, Inc.,* 2012 WL 13514, *8 (N.D.Ill. Jan. 4, 2012) (citing *Nicholson v. UTi Worldwide, Inc.,* 2010 WL 551551, at *5 (S.D.Ill. Feb. 12, 2010)); *Osby v. Citigroup, Inc.,* 2008 WL 2074102, *2 (W.D.Mo. May 14, 2008).

2. For purposes of the FLSA, Defendants were a "covered enterprise" under the FLSA.

3. From now on "Defendant" or "Consultenet" shall refer to both defendants, who jointly acted (in concert) regarding all facts alleged herein.

4. Defendant is an employer per 29 U.S.C. § 201, et. seq. of the FLSA, and pursuant to 29 U.S.C. § 215(a)(3).

5. At all times while working for Defendant, Plaintiff was a non-exempt employee under FLSA.

6. Defendant did not properly pay Plaintiff minimum wages per Utah and Federal laws.

7. Plaintiff's job duties were non-exempt.

8. On 9/20/2019, Michael Clough, who works for Consultnet called Dillon and offered Dillon a job to work Consultnet, at the site of one of their clients, Solutionreach.

9. Dillon interviewed at Solutionreach (2600 Ashton BLVD, Lehi, Utah, 84043, on Thursday September 5, 2019 from 8:30 – 9:30 AM) and started at Solutionreach.

10. Dillon was to (and did) start Monday 09/23/2019 at Solutionreach.

11. The agreement was that Dillon's regular payday would be every Friday.

12. Specifically, the "*PAY POLICES*" given to Dillon stated: "The pay period is from Sunday to Saturday and consultants are paid weekly.

13. The paychecks were to be electronically deposited.

14. The first Friday (again, which was to be his regular payday) came and went without Dillon being paid (09/27/19).

15. He was not timely paid minimum wage.

16. Consultnet did not pay Dillon his first paycheck until October 4, 2019 (a Friday – a week late).

17. This paycheck was for $635.25, which was for 38.5 hours (from 09/23 through 09/27).

18. In other words, Defendant Consultnet paid Dillon only for the "week before."

19. On 09/30/2019 (a Monday, after Dillon had worked six days), Michael Clough called Dillon after work to let Dillon know Dillon was no longer needed and to not "show up tomorrow."

20. On September 30, 2019, which was the second pay period for Dillon, Dillon worked 8 hours at the rate of $16.50 per hour.

21. Consultnet did not pay Dillon for that day until October 28, 2019, about 24 days late (after his regular pay period).

22. On October 2, 2019, Dillon sent a text message in which he demanded to be paid.

23. That text said:  When will I be paid?

24. He also sent an email to Johanna Beatty, who represented Consultnet, which said:  When I try to log hours, it won't let me.  I was laid off Monday night.  Utah law says when an employee is fired all unpaid wages are due within 24 hours, and I have not been paid. When will I be paid?

25. He then made a wage claim with the State of Utah on the same date.

26. He is owed for 23 days in October, and 21 days in November.

27. The total owed is $5,808 for unpaid wages (under Utah law).

28. For paying Dillon so late for the 8 hours worked on September 30, 2019, he is owed $7.25 for each hour worked that day ($58.00).

### IV. CAUSES OF ACTION

29. Plaintiff realleges and incorporates by reference the allegations contained in the paragraphs above.

30. The FLSA requires covered employers to pay a minimum wage and overtime, and Dillon was not paid minimum wage timely for his work on September 30, 2019. (Fair Labor Standards Act of 1938, § 16(b), 29 U.S.C.A. § 216(b)).

31. Defendant was a covered employer the entire time Plaintiff worked for Defendant. Thus, he is owed liquidated damages and attorney fees, as for damages per UCA 34-28-5 as mentioned above.

### V. JURY DEMAND

32. Plaintiff demands a jury trial.

### VI. PRAYER FOR RELIEF

33. Order that Defendant pay all statutory and compensatory damages as a result of their unlawful conduct such as liquidated damages attorney fees, and costs of this action.

DATED this 26th day of November, 201.

                              GREG SMITH & ASSOCIATES

                              /s/Gregory B. Smith
                              *Attorney for Plaintiff*
                              Dillon Kirsch